1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7          FOR THE EASTERN DISTRICT OF CALIFORNIA
8
9   ALEJANDRO BARELA,                    No. CIV S-07-2488-FCD-CMK-P
10            Plaintiff,
11       vs.                             ORDER
12  GARY R. STANTON, et al.,
13            Defendants.
14  _____/

15          Plaintiff, proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 14), filed on April 15, 2008.

18          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a)[1]. The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

---

[1] It appears plaintiff may no longer be in custody. However, the court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2).

1

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's amended complaint lists the defendants as unnamed officers from both the Solano County Sheriff's office and the Dixon Police Department. It alleges that plaintiff was harassed by the officers. He claims the officers harassed and threatened him, trespassed on his residence, assaulted him, arrested him using excessive force, and failed to give him his Miranda warnings before interrogating him. Unfortunately, plaintiff fails to identify the officers who perpetrated these acts.

## II. DISCUSSION

Plaintiff's allegations, liberally construed, might state a cognizable claim. His complaint, however, has not named any defendant. Service of the complaint cannot occur on unknown defendants.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Unnamed, or "Doe" defendants generally are not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citing Wiltsie v. Cal. Dep't of Corr., 406 F.2d 515, 518 (9th Cir. 1968)). However, before a pro se plaintiff's complaint is dismissed, he must be given an opportunity to amend the complaint. Plaintiff has not named any individual officer involved in the incidents he alleges. In addition, plaintiff has not provided the court with any identifying information of the individuals involved in the incidents he complains of in order to effect service. He will be given leave to provide the Court with the defendants' names. If plaintiff does not know all of the defendants, he may be able to discover the Doe defendants' identities once the complaint has been served. However, he must provide the court with specific factual information to identify the defendants, the steps plaintiff has taken to discover the identity of the defendants, and the reasons why he is unable to obtain the defendants' names.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended

1 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
2 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
3 plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must
4 be complete in itself without reference to any prior pleading.  See id.

5       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
6 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
7 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
8 each named defendant is involved, and must set forth some affirmative link or connection
9 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
10 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11       Finally, plaintiff is warned that failure to file an amended complaint within the
12 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
13 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
14 comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
15 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

16       Accordingly, IT IS HEREBY ORDERED that:

17       1.   Plaintiff's first amended complaint, filed on April 15, 2008, is dismissed
18 with leave to amend; and

19       2.   Plaintiff shall file a second amended complaint within 30 days of the date
20 of service of this order.

DATED: May 14, 2008

                                                              
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE