IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO BARELA, | No. CIV S-07-2488-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| JAMES CLARK[1], et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 16). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

/ / /

/ / /

---

[1] Plaintiff's second amended complaint names two officers as defendants, Detective James Clark and Officer Garrison. These are the only defendants named in the complaint. The Clerk of the Court will be directed to update the docket to reflect these are the defendants in this action as well as update the caption.

1

Plaintiff's second amended complaint names two defendants, Detective James Clark and Officer Garrison.  He no longer names Sheriff Stanton or Chief Morton as defendants. He claims he was assaulted and suffered from the excessive use force by these officers.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475 U.S. at 320-21.  In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship

1  between the need for force and the amount of force used; (4) the nature of the threat reasonably
2  perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.
3  See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force
4  was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.
5  1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally,
6  because the use of force relates to the prison's legitimate penological interest in maintaining
7  security and order, the court must be deferential to the conduct of prison officials.  See Whitley,
8  475 U.S. at 321-22.

9           Reading plaintiff's second amended complaint broadly as the court must, it
10 appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C.
11 § 1915A(b).  If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the
12 merits of this action.  The court, therefore, finds that service is appropriate and will direct service
13 by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this
14 action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that
15 failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

16           Accordingly, IT IS HEREBY ORDERED that:
17      1.   The court authorizes service on the following defendant(s):
18           DETECTIVE JAMES CLARK and OFFICER GARRISON.
19      2.   The Clerk of the Court is directed to update the docket to reflect the named
20 defendants in plaintiff's second amended complaint are defendants Clark and Garrison, and to
21 update the case caption;
22      3.   The Clerk of the Court shall send plaintiff one USM-285 form for each
23 defendant identified above, one summons, an instruction sheet, and a copy of the second
24 amended complaint (Doc. 16); and
25 / / /
26 / / /

4. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. Two completed USM-285 form(s); and

    d. Three copies of the endorsed second amended complaint.

DATED: October 3, 2008

                                           **CRAIG M. KELLISON**
                                           UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO BARELA, | No. CIV S-07-2488-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| JAMES CLARK, et al., | |
| Defendants. | |
| _____/ | |

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order:

   __1__    completed summons form;

   ____    completed USM-285 form(s); and

   ____    copies of the second amended complaint.

DATED: _____             _____
                                                                      Plaintiff